13-2894-cr(L)
United States v. Prado

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of February, two thousand sixteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          v.                                    13-2894-cr (L),
                                                13-3877-cr (Con),
                                                14-115-cr (Con),
                                                14-143-cr (Con)

GIOVANNI PRADO, aka JOKER, ERICK ALVARADO, aka GATO SECO, ELENILSON ORTIZ, aka SHORTY, EFRAIN ZUNIGA, aka PANICO, DIEGO NINOS, aka VENENO, aka MICO, SERGIO MEJIA-BARRERA, aka PELON, EMILIO SABALLOS, aka CABALLO, WALTER FLORES-REYES, aka SCRAPPY, aka WALTER REYES, DAVID VALLE, aka OREO, LOUIS RUIZ, aka CHUCKY, aka LUIS RUIZ, FRANCISCO RAMOS, aka CRUISER, CESAR LANDAVERDE, aka FLACO, aka REBELDE, ROGER ALVARADO, aka MICHICHI, CARLOS MARTINEZ, aka CARLITO, JOSE GUSTAVO ORELLANA-TORRES, aka DIABLITO, aka GUSTAVO JEFFERSON ORELLANA TORRES, JIMMY SOSA, aka JUNIOR, JEREMIAS EXEQUIEL AMAYA, aka PAYASO, JOSE SALAZAR ERAZO, aka JOSE SALAZAR ERZAO, FRANKLIN VILLATORO, aka MONSTRO, WILBER AYALA-

ARDON, aka PAJARO, aka PIOLIN, YOBANY CALDERON, aka TEGO, ADALBERTO ARIEL GUZMAN, aka GRINGO, RENE MENDEZ MEJIA, aka ZORRO, YONIS ACOSTA-YANES, aka BRUJITA,

*Defendants*,

VIDAL ESPINAL, aka DEMENTE, MARIO ALPHONSO HERRERA-UMANZOR, aka PERDIDO, aka MARIO UMANZOR, HERIBERTO MARTINEZ, aka BOXER, CARLOS ORTEGA, aka SILENCIO,

*Defendants-Appellants*.[1]

---

| | |
|---|---|
| Appearing for Appellant Mario Alphonso Herrera-Umanzor: | Robert A. Soloway, Rothman, Schneider, Soloway & Stern, LLP, New York, NY. |
| Appearing for Appellant Vidal Espinal: | John Frederick Carman, Garden City, NY. |
| Appearing for Appellant Heriberto Martinez: | Randall D. Unger, Bayside NY (Elizabeth E. Macedonio, New York, NY, *on the brief*). |
| Appearing for Appellant Carlos Ortega : | Elizabeth M. Johnson (Ira D. London and Avrom Robin *on the brief*), Law Offices of London & Robin, New York, NY. |
| Appearing for Appellee: | John J. Durham, Assistant United States Attorney (Carrie N. Capwell, Peter A. Norling, and Raymond A. Tierney, Assistant United States Attorneys, *on the brief*), *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that (1) the judgment of said District Court against Martinez be and it hereby is **AFFIRMED**, that (2) the judgment of said District Court against Ortega be and it hereby is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED**, that (3) attorney John F. Carman's motion to be relieved as counsel to Espinal, and the government's motions to dismiss Espinal's appeal of his conviction and term of imprisonment and to summarily affirm his special assessment and term of supervised release are **GRANTED**, and that (4) attorney Robert A. Soloway's motion to be relieved as counsel to Herrera-Umanzor, and the government's motion for summary affirmance are **GRANTED**.

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

2

Defendants-appellants Heriberto Martinez and Carlos Ortega appeal from judgments of the United States District Court for the Eastern District of New York (Bianco, *J.*), convicting Martinez and Ortega on counts of racketeering, racketeering conspiracy, conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, and aiding and abetting the use of a firearm during a crime of violence, and against Martinez on additional counts of conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, using a firearm during a crime of violence, causing the death of another through the use of a firearm, and accessory after the fact. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In this summary order, we address Martinez's and Ortega's arguments regarding the sufficiency of the evidence for their convictions and the use of an anonymous and partially sequestered jury. A separate opinion accompanying this order addresses their arguments regarding their convictions for aiding and abetting a violation of 18 U.S.C. § 924(c).

First, Martinez argues that there was insufficient evidence to convict him of murder in aid of racketeering in connection with the murders of Vanessa Argueta, Nestor Moreno, and Mario Quijada, because there was insufficient evidence that the murders were committed for the purpose of maintaining or increasing position in the racketeering enterprise, as is required for a conviction under the Violent Crimes in Aid of Racketeering Activity (VICAR) statute, 18 U.S.C. Section 1959(a). He also argues that there was insufficient evidence of his participation in the murder of Argueta. Ortega similarly argues that there was insufficient evidence to convict him of murder in aid of racketeering in connection with the murder of Quijada because there was insufficient evidence that the murder was done for the purpose of maintaining or increasing position in the racketeering enterprise. Conducting a de novo review, *United States v. Desposito*, 704 F.3d 221, 226 (2d Cir. 2013), and considering the evidence in the light most favorable to the government, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), we hold that a rational trier of fact could have found beyond a reasonable doubt that Martinez and Ortega participated in the murder of Quijada and that Martinez participated in the murders of Moreno and Argueta for the purpose of maintaining or increasing position in the racketeering enterprise under VICAR, for substantially the same reasons as those stated by the district court in its thorough and well-reasoned opinion. *See United States v. Martinez*, 978 F. Supp. 2d 177 (E.D.N.Y. 2013); *see also United States v. Vernace*, — F.3d —, 2016 WL 386154, at *5-7 (2d Cir. Feb. 2, 2016)

Martinez and Ortega also argue that the district court's decision to empanel an anonymous and partially sequestered jury deprived them of their due process right to a fair trial. "[W]hen genuinely called for and when properly used, anonymous juries do not infringe a defendant's constitutional rights." *United States v. Pica,* 692 F.3d 79, 88 (2d Cir. 2012). "A district court may order the empaneling of an anonymous jury 'upon (a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected.'" *United States v. Kadir*, 718 F.3d 115, 120 (2d Cir. 2013) (quoting *Pica*, 692 F.3d at 88). "If a district court has taken reasonable precautions to protect a defendant's fundamental rights, we review its decision to empanel an anonymous jury for abuse of discretion." *Id.* Here,

Martinez and Ortega do not, nor could they, argue that the district court failed to take reasonable precautions to protect their rights, and we therefore review for abuse of discretion.

The district court did not abuse its discretion in empaneling an anonymous and partially sequestered jury. There was substantial evidence of attempted and actual interference with the judicial process by Ortega and Martinez's codefendants, *see Pica*, 692 F.3d at 88; *United States v. Quinones*, 511 F.3d 289, 295-97 (2d Cir. 2007); *United States v. Gotti*, 459 F.3d 296, 345-46 (2d Cir. 2006); *United States v. Thai*, 29 F.3d 785, 801 (2d Cir. 1994), the crimes charged were extremely violent, *see United States v. Stewart*, 590 F.3d 93, 124-25 (2d Cir. 2009), and Ortega and Martinez were members of a large, well-organized, and violent gang with many members who were not incarcerated, *Quinones*, 511 F.3d at 295-97; *Gotti*, 459 F.3d at 346; *United States v. Paccione*, 949 F.2d 1183, 1192-93 (2d Cir. 1991).

We have considered the remainder of Martinez and Ortega's arguments and find them to be without merit. In an opinion issued simultaneously with this summary order, we vacate the district court's judgment of conviction against Ortega on Count 21, aiding and abetting a violation of 18 U.S.C. § 924(c). Accordingly, (1) the judgment against Martinez is AFFIRMED, and (2) with respect to Ortega, we VACATE his conviction on Count 21, AFFIRM his conviction on all other counts, and REMAND for resentencing in accordance with the opinion issued simultaneously with this summary order.

Finally, we address the pending motions related to the remaining two defendants-appellants, Vidal Espinal and Mario Herrera-Umanzor. John F. Carman, counsel for appellant Vidal Espinal in 2d Cir. 13-2894 (L), moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). The government moves to dismiss the appeal based on Espinal's appeal waiver in his plea agreement. Upon due consideration, it is hereby ORDERED that the *Anders* motion is GRANTED; the government's motion to dismiss is GRANTED with respect to Espinal's appeal from his conviction and term of imprisonment; and the government's motion is construed as also requesting summary affirmance and, so construed, is GRANTED with respect to Espinal's appeal from his term of supervised release and special assessment.

Robert A. Soloway, counsel for appellant Mario Herrera-Umanzor in 2d Cir. 13-3877 (Con), moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). The government moves for summary affirmance. Upon due consideration, it is hereby ORDERED that the *Anders* and summary affirmance motions are GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk